IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| SIENNA PAQUIN,<br><br>       Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and JOHN DOES 1-5,<br><br>       Defendants. | No. CV 21-64-H-SEH<br><br>**ORDER** |

This case filed on August 26, 2021, asserts diversity jurisdiction under 28 U.S.C. § 1332.[1]

Federal district courts have original diversity jurisdiction under 28 U.S.C. § 1332(a)(3) for civil actions between "citizens of different States [with] citizens or subjects of a foreign state [as] additional parties" if the amount in controversy

---

[1] *See* Doc. 1 at 2.

exceeds §75,000, exclusive of interest and costs.[2] Each defendant must be a citizen of a state different from each plaintiff.[3]

Several defendants are named.[4] Several unidentified "John Does 1-5" are also designated as defendants.[5] Inclusion of such unidentified "Doe" defendants "destroys [diversity] jurisdiction" in an original federal action.[6]

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Leave to amend nevertheless will be given.[7]

---

[2] *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

[3] *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also* 15A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.71, pp. 102-235 to 102-236 (3d ed. 2018) ("Section 1332(a)(3) establishes a requirement of complete diversity between United States citizens, but permits aliens on each side of the dispute as additional parties.").

[4] *See* Doc. 1 at 2.

[5] Doc. 1 at 2.

[6] *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980) (citing *Molnar v. Nat'l Broad. Co.*, 231 F.2d 684 (9th Cir. 1956); *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1190 (9th Cir. 1970)); *cf.* 28 U.S.C. § 1441(b)(1) (2018) (providing that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of diversity jurisdiction in the removal context).

[7] *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile.").

ORDERED:

This case will be dismissed on October 29, 2021, unless the complaint is amended to properly plead jurisdiction.

DATED this __13th__ day of October, 2021.

*Sam E Haddon*
SAM E. HADDON
United States District Judge